ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ALEX HERNÁNDEZ BELAVAL | | *Revisión Administrativa* procedente de la Oficina de Apelaciones del Sistema de Educación |
|---|---|---|
| Recurrente | | |
| v. | TA2026RA00108 | |
| | | Caso Núm.: OASE2025-00023 |
| DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO | | Sobre: Certificación de Personal Docente |
| Recurrido | | |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos el señor Alex Hernández Belaval (en adelante, señor Hernández o recurrente), por derecho propio, mediante un *Recurso de Revisión Judicial* presentado el 13 de marzo de 2026, en el que solicita que revisemos la *Resolución Final* emitida el 31 de enero de 2026 y notificada el 2 de febrero de 2026 por la Oficina de Apelaciones del Sistema de Educación (OASE). Mediante el referido dictamen, la OASE desestimó la apelación presentada ante la agencia por el señor Hernández por falta de jurisdicción.

El 5 de febrero de 2026, el recurrente presentó una oportuna *Moción de Reconsideración sobre Resolución Final* que fue declarada No Ha Lugar por la OASE mediante *Resolución Reconsideración* emitida y notificada el 28 de febrero de 2026.

**I.**

El 6 de abril de 2022, el señor Hernández obtuvo una evaluación de la División de Certificaciones Docentes del Departamento de Educación de Puerto Rico (en adelante, Departamento, DE o parte recurrida) en la cual le indicaron los requisitos que debía completar para obtener un Certificado de

Maestro de Educación en Bellas Artes (K-12).[1] De dicha evaluación surge que su expediente fue evaluado conforme al Reglamento de Certificación del Personal Docente de Puerto Rico, aprobado el 25 de enero de 2012, Reglamento Núm. 8146.

Posteriormente, el 23 de mayo de 2025, el señor Hernández recibió una nueva evaluación en la que se le indicó que aún le faltaban varios requisitos para obtener el Certificado de Maestro de Educación en Bellas Artes (K-12) y que su expediente fue evaluado conforme al Reglamento de Certificación del Personal Docente del Departamento de Educación de Puerto Rico, aprobado el 28 de abril de 2022, Reglamento Núm. 9375.[2]

Inconforme con el resultado de esta última evaluación, el recurrente solicitó reconsideración ante el Departamento. No obstante, según indica el señor Hernández, dicha solicitud fue atendida mediante comunicaciones electrónicas por funcionarios de la agencia sin que del expediente surja que se hubiese emitido una determinación formal final por escrito que resolviera la reconsideración.

Ante ello, el 1 de agosto de 2025 el señor Hernández presentó una *Solicitud de Apelación (por derecho propio)*[3] ante la Oficina de Apelaciones del Sistema de Educación (OASE), impugnando la evaluación de su expediente y la interpretación aplicada por la agencia en torno a la cláusula transitoria del Reglamento Núm. 9375. En particular, solicitó que su expediente fuera evaluado conforme al Reglamento de 2012 según dispone la cláusula transitoria del Reglamento de 2022, que lee como sigue:

> "El secretario concederá tiempo adicional, que no excederá dos (2) años naturales, a partir de la fecha de vigencia de este reglamento, a todo candidato que se encuentre en el proceso de completar los requisitos establecidos en el Reglamento de Certificaciones de Personal Docente, núm. 8146, del 25 de enero de 2012, para aprobar y evidenciar estos. Se dispone que esta dispensa aplique solo en aquellos casos en que el reglamento implique aprobación de cursos adicionales a los específicos en el

---

[1] Apéndice del *Recurso de Revisión Judicial*, pág. 32.
[2] Apéndice del *Recurso de Revisión Judicial*, pág. 31.
[3] Apéndice del *Recurso de Revisión Judicial*, págs. 25-30.

reglamento de 2022. En ningún caso, se aplicarán ambos reglamentos en forma simultánea y parcial a un candidato para un mismo certificado. [...]" Art. XVIII del Reglamento de Certificación del Personal Docente del Departamento de Educación de Puerto Rico, Reglamento Núm. 9375, del 28 de abril de 2022.

Tras varios incidentes procesales, el 10 de enero de 2026, el Departamento compareció ante la OASE y solicitó la desestimación de la apelación por alegada falta de jurisdicción, fundamentada en la ausencia de una determinación final formal emitida por el DE, bajo la firma del Secretario.[4]

El recurrente se opuso a dicha solicitud mediante una *Moción en oposición a solicitud de desestimación por falta de jurisdicción*[5], en la que sostuvo, entre otras cosas, que la evaluación realizada y las comunicaciones emitidas por la agencia constituían actuaciones administrativas con efectos jurídicos suficientes para activar la jurisdicción apelativa y que la controversia giraba en torno a la interpretación de la cláusula transitoria del reglamento aplicable.

Así las cosas, el 31 de enero de 2026, la OASE emitió una *Resolución Final*[6] mediante la cual declaró Con Lugar la solicitud de desestimación y concluyó que carecía de jurisdicción para atender la apelación al no haberse acompañado una determinación final conforme a lo requerido por el reglamento aplicable.

Inconforme, el señor Hernández presentó una *Moción de Reconsideración sobre Resolución Final*[7], en la que reiteró sus planteamientos respecto a la existencia de actuaciones administrativas concretas que producían efectos adjudicativos, a pesar de que la agencia no había emitido una respuesta final, resolución escrita ni notificación formal atendiendo la

---

[4] Apéndice del *Recurso de Revisión Judicial*, págs. 35-37.
[5] Apéndice del *Recurso de Revisión Judicial*, págs. 38-41.
[6] Apéndice del *Recurso de Revisión Judicial*, págs. 14-21.
[7] Apéndice del *Recurso de Revisión Judicial*, págs. 42-45.

solicitud del recurrente. Además, insistió en que la agencia había interpretado erróneamente el reglamento aplicable.

No obstante, mediante *Resolución Reconsideración*[8] emitida el 28 de febrero de 2026, la OASE declaró No Ha Lugar la referida moción. En su determinación, el foro administrativo añadió que la cláusula transitoria a la que hace referencia el recurrente en su apelación permitía que el Departamento, discrecionalmente, pudiera extender el período para que los candidatos evaluados bajo el Reglamento de 2012 completaran los requisitos para obtener la certificación correspondiente y que el ejercer dicha discreción de conceder un término adicional requería que el candidato: (1) lo hubiese solicitado, (2) se evaluara su expediente, y (3) la agencia realizara un acto afirmativo de otorgar dicha extensión. Por ello, concluyó que, aún si dicho foro tuviera jurisdicción para atender el caso, del expediente del señor Hernández no surgía que este hubiese solicitado al Secretario ejercer su facultad discrecional de conceder o no la extensión del término para completar los requisitos bajo el Reglamento de 2012.

Posteriormente, el 2 de marzo de 2026, el recurrente envió un correo electrónico al Secretario de Educación solicitando la aplicación de la cláusula transitoria del Reglamento de 2022 y la emisión de una determinación administrativa formal. En respuesta, el Secretario le indicó que no procedía su solicitud por entender que el término de extensión de la cláusula transitoria venció en mayo de 2024. Ante ello, el señor Hernández solicitó nuevamente una determinación final formal y firmada para poder cumplir con lo establecido por la OASE cuando desestimó el recurso.

Asimismo, surge del expediente una comunicación electrónica fechada el 3 de marzo de 2026, mediante la cual la señora Johanna Cajigas Rosado informó al recurrente que su caso ya había sido atendido y que no procedía

---

[8] Apéndice del *Recurso de Revisión Judicial*, págs. 22-24.

su evaluación ya que este debía cumplir con los requisitos a diciembre de 2024 y que el reglamento aplicable era el de 2022.

Finalmente, el 13 de marzo de 2026, el recurrente acudió ante este Tribunal mediante el presente recurso de revisión judicial, en el cual solicita que revisemos:

> **1. SI ERRÓ LA OFICINA DE APELACIONES DEL SISTEMA DE EDUCACIÓN AL DESESTIMAR LA APELACIÓN ADMINISTRATIVA POR FALTA DE JURISDICCIÓN EN UN CONTEXTO DONDE LA AUSENCIA DE UNA DETERMINACIÓN FINAL SURGE DE LA PROPIA OMISIÓN ADMINISTRATIVA DE LA AGENCIA.**
>
> **2. SI ERRÓ LA OASE AL INTERPRETAR LA CLÁUSULA TRANSITORIA DEL REGLAMENTO DE CERTIFICACIÓN DOCENTE AÑADIENDO REQUISITOS QUE NO APARECEN EN EL TEXTO REGLAMENTARIO.**
>
> **3. SI ERRÓ LA OASE AL NO CONSIDERAR QUE LA OFICINA DE CERTIFICACIONES DOCENTES APLICÓ SIMULTÁNEAMENTE LOS REGLAMENTOS DE CERTIFICACIÓN DOCENTE DE 2012 Y 2022 A UN MISMO CANDIDATO, EN CONTRAVENCIÓN DEL TEXTO EXPRESO DE LA CLÁUSULA TRANSITORIA.**
>
> **4. SI LAS IRREGULARIDADES PROCESALES OCURRIDAS DURANTE EL TRÁMITE DEL CASO ANTE LA OASE PRODUJERON UN PERJUICIO ADMINISTRATIVO AL PETICIONARIO QUE AMERITA LA INTERVENCIÓN DE ESTE HONORABLE TRIBUNAL.**

En esa misma fecha, el recurrente presentó, además, una *Moción Urgente en Auxilio de Jurisdicción*, en la que solicitó la concesión de un remedio provisional mientras se dilucida el presente recurso, alegando que, de no intervenir este Tribunal, quedaría excluido del proceso de selección de escuela para el año escolar 2026-2027, lo que le ocasionaría un perjuicio administrativo real e irreparable.

El 16 de marzo de 2026 emitimos una *Resolución* en la que declaramos No Ha Lugar a la moción en auxilio de jurisdicción.

Luego de examinar el recurso, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho", conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR

141, 216 DPR ___ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia de la parte recurrida.

## II.

### A. Estándar de Revisión Administrativa

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.* (LPAU), establece el marco normativo que rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. USAA Fed. Savs. Bank*, 214 DPR 473, 484 (2024). Al revisar las determinaciones administrativas, este foro apelativo está obligado a conceder deferencia a las decisiones de las agencias en vista de que estas poseen la experiencia y el conocimiento especializado respecto a los asuntos que les han sido delegados. *Katirias's Café v. Mun. de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025), citando a *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

En virtud de lo anterior, se ha considerado la razonabilidad de la actuación cuestionada como criterio rector al revisar el proceder de la agencia recurrida. *Katirias's Café v. Mun. de San Juan, supra*. Así pues, debemos evaluar que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que constituya un abuso de discreción. *Torres Rivera v. Policía de PR, supra*. Por consiguiente, no puede otorgárseles un "sello de corrección automático bajo el pretexto de deferencia a aquellas determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a Derecho". *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743, 754 (2024). Es decir, si bien debemos concederles una amplia deferencia a las determinaciones de las agencias administrativas, dicha norma no es absoluta. *Id.*

A tenor, la deferencia cede cuando: "(1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o los reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales". *Id.*, citando a *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021).

En este sentido, existen tres aspectos que delimitan el alcance de la revisión judicial de las decisiones administrativas: "(1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas". *Rolón Martínez v. Supte. Policía, supra,* pág. 36, citando a *Pagán Santiago et al. v. ASR, supra.* Asimismo, nuestro más Alto Foro ha reiterado que "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática […]". *Vázquez et al. v. DACo*, 2025 TSPR 56, 215 DPR __ (2025).

### B. Jurisdicción de las agencias

La jurisdicción es el poder o autoridad que tiene un tribunal o un organismo administrativo para atender y resolver casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.,* 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). En ese sentido, se ha establecido que "en el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay". *Muñoz Barrientos v. ELA et al.*, *supra*; *Raimundi v. Productora*, 162 DPR 215, 224 (2004). (Énfasis omitido).

Para analizar la jurisdicción que posee una agencia administrativa respecto a un asunto particular, es necesario examinar el poder que la Asamblea Legislativa —a través de su ley habilitadora— le delegó para reglamentar o adjudicar los derechos y obligaciones de quienes están bajo su dirección. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014); D. Fernández Quiñones, *Derecho administrativo y ley de procedimiento administrativo uniforme*, Colombia, Forum, 2013, págs. 35-36. Ello responde al principio de que "[l]as agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y los que sean indispensables para llevar a cabo su encomienda primordial". *Muñoz Barrientos v. ELA et al.*, *supra*, pág. 727, *Col. Médicos et als. v. Com. Seguros et al.*, 201 DPR 362, 372 (2018), citando a *Depto. Justicia et al. v. Jiménez et al.*, 199 DPR 293, 309 (2017); *DACo v. AFSCME*, 185 DPR 1, 12 (2012); *Raimundi v. Productora*, *supra*.

En consecuencia, una agencia no puede asumir jurisdicción sobre ninguna clase de actividad para la que no esté claramente autorizada por ley. *Muñoz Barrientos v. ELA et al.*, *supra*; *Col. Médicos et als. v. Com. Seguros et al.*, *supra*; *Depto. Justicia et al. v. Jiménez et al.*, *supra*.

### C. Oficina de Apelaciones del Sistema de Educación (OASE)

La jurisdicción de la Oficina de Apelaciones del Sistema de Educación (OASE) se rige por la Ley Núm. 115 de 30 de junio de 1965, según enmendada, conocida como *Ley de la Junta de Apelaciones del Sistema de Educación*, 18 LPRA secs. 274 *et seq.* (Ley Núm. 115), la cual establece el alcance de su facultad apelativa dentro del sistema educativo.

En lo pertinente, el Artículo 7 de dicho estatuto dispone que la OASE tendrá jurisdicción apelativa para atender "**toda acción o decisión relacionada con la concesión, denegación y/o modificación de certificado de maestro** conforme a las disposiciones de la Ley Núm. 94 de

21 de julio de 1955, según enmendada, [...] y sus reglamentos." 18 LPRA sec. 274e-1. (Énfasis nuestro).

Por su parte, la Ley Núm. 94 de 21 de junio de 1955, según enmendada, conocida como *Ley para Regular la Certificación de Maestros*, 18 LPRA secs. 260 *et seq.* (Ley Núm. 94), dispone que el Secretario de Educación es la autoridad encargada de expedir los certificados de maestro y de determinar si los solicitantes cumplen con los requisitos establecidos por ley y reglamento. 18 LPRA sec. 267. A esos fines, se le faculta para adoptar reglamentación que establezca dichos requisitos y regule el proceso de certificación. 18 LPRA sec. 261.

La referida Ley Núm. 115 establece que la parte afectada con alguna acción o decisión relacionada con la concesión, denegación y/o modificación de certificado de maestro deberá presentar su apelación dentro del término de treinta (30) días contados **a partir de la notificación de la acción o decisión impugnada**, término que es de carácter jurisdiccional. 18 LPRA secs. 274e-1 y 274e-2. (Énfasis nuestro).

A los fines de determinar cuándo se activa dicha jurisdicción apelativa, resulta necesario precisar qué constituye una "acción o decisión" susceptible de revisión.

La LPAU establece que la revisión judicial procede respecto a órdenes o resoluciones finales emitidas por las agencias administrativas. 3 LPRA sec. 9671. En ese contexto, la LPAU define una orden o resolución como una "decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas". 3 LPRA sec. 9603. Ahora bien, aunque la LPAU no define expresamente lo que constituye una orden o resolución "final", el Tribunal Supremo ha interpretado que esta es aquella que "dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes". *Pérez López v. Depto. Corrección*, 208 DPR 656,

672-673 (2022), citando a *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 545 (2006).

Así, nuestro Alto Foro ha expresado que se deben dar dos condiciones para que una decisión administrativa pueda ser considerada final: "primero, la actuación de la agencia debe representar la culminación de su proceso decisorio, y segundo, la actuación administrativa debe determinar todos los derechos y las obligaciones de las partes o surgir de ésta consecuencias legales." *Depto. Educ. v. Sindicato Puertorriqueño*, *supra*, citando a *Comisionado Seguros v. Universal*, 167 DPR 21, 30 (2006). (Énfasis omitido).

En consecuencia, **para activar la jurisdicción apelativa de los foros administrativos es necesario que exista una determinación final por parte de la agencia.** *Comisionado Seguros v. Universal*, *supra*. (Énfasis nuestro). Por ello, en ausencia de una actuación que disponga de la controversia y fije derechos u obligaciones, el foro apelativo carece de autoridad para atender el recurso.

**III.**

En el presente caso, el recurrente plantea, en síntesis, que la OASE erró al desestimar su apelación administrativa por falta de jurisdicción, al sostener que la ausencia de una determinación final surge de la propia omisión del Departamento de Educación. Asimismo, cuestiona la interpretación de la cláusula transitoria del Reglamento de Certificación de Personal Docente.

No obstante, del expediente surge que, previo a la presentación de la apelación ante la OASE el 1 de agosto de 2025, el Departamento no había emitido una determinación formal final —por escrito y debidamente notificada— que dispusiera de la solicitud de reconsideración presentada por el recurrente. Posteriormente, la OASE desestimó la apelación mediante *Resolución Final* emitida el 31 de enero de 2026 y notificada el 2 de febrero de

2026, al concluir que carecía de jurisdicción por la ausencia de una determinación final del Departamento.

A la luz de la normativa antes expuesta, la existencia de una determinación final constituye un requisito indispensable para activar la jurisdicción apelativa de la OASE. En consecuencia, en ausencia de una actuación administrativa que represente la culminación del proceso administrativo ante la agencia y que fije los derechos u obligaciones de las partes, dicho foro carece de autoridad para atender el recurso.

Así, aunque del expediente surge que el Departamento atendió el asunto del recurrente mediante diversas comunicaciones, lo cierto es que no se emitió una determinación final susceptible de revisión conforme a derecho. Por consiguiente, la OASE actuó correctamente al concluir que carecía de jurisdicción para atender la apelación administrativa presentada.

Ahora bien, ello no implica que el recurrente carezca de un remedio. Por el contrario, del expediente surge que el Departamento atendió informalmente la solicitud del recurrente mediante comunicaciones electrónicas, sin emitir una determinación formal final, lo que impide que el recurrente pueda ejercer adecuadamente los mecanismos de revisión administrativa y judicial disponibles.

En ese contexto, procede ordenar al Departamento de Educación que emita una determinación final —por escrito y debidamente notificada— que disponga de manera expresa la solicitud del recurrente, conforme a derecho, de modo que este pueda, de así estimarlo pertinente, acudir oportunamente a los foros correspondientes.

**IV.**

Por los fundamentos antes expuestos, se confirma la *Resolución Final* emitida el 31 de enero de 2026 y notificada el 2 de febrero de 2026 por la OASE, mediante la cual se desestimó la apelación administrativa por falta de jurisdicción.

No obstante, se ordena al Departamento de Educación que, en un término razonable, emita una determinación final —por escrito y debidamente notificada— en la que disponga expresamente de la solicitud presentada por el recurrente, conforme a derecho.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones